BUCKS COUNTY BANK AND TRUST COMPANY, Administrator of the Estate of John Brickajlik, Plaintiff,

v.

Ronald Eugene STORCK, Defendant,

and

John E. Ahrens and Frank Carreira, Garnishees.

Misc. No. 1235.

United States District Court
D. Hawaii.

March 20, 1969.

---

Felix A. Maciszewski, Honolulu, Hawaii (Carlsmith, Carlsmith, Wichman & Case, Honolulu, Hawaii, of counsel), for plaintiff.

John E. Ahrens, Honolulu, Hawaii, for defendant (also garnishee).

### RULING ON MOTION

TAVARES, District Judge.

■ The Motion to Compel Party to Answer Oral Interrogatory on Deposition having come on regularly for hearing before this Court on March 7, 1969, and Mr. John E. Ahrens, attorney-at-law, having personally appeared on behalf of himself and Mr. Frank Carreira and plaintiffs having appeared through Mr. Felix A. Maciszewski, attorney-at-law, of the firm of Carlsmith, Carlsmith, Wichman and Case, attorneys, for the plaintiff, and the Court having considered all and singular the facts and legal authorities submitted by the parties, together with the records on file in this court, finds that the questions propounded to the deponent commencing at 3:30 o'clock p. m. on September 30, 1968, pursuant to subpoena, a full transcript of which appears herein, which questions Mr. John E. Ahrens declined to answer, did seek to elicit information which attorney Ahrens could only have known as a result of communications made to him by his client, Ronald Eugene Storck, or were based upon assumptions of hypothesized answers which the deponent did not, in fact, make. By letter to his attorney, Mr. Ahrens (Exhibit A) attached to the transcript, the client expressly preserved his rights under the attorney-client privilege.

■■ The plaintiff, commencing on page 6 of his Memorandum in Support of his Motion, seeks to take advantage of a purported waiver of the attorney-client privilege based upon testimony which the client had himself previously given before this court in United States v. Storck, No. CC1–202 on March 22, 1968. Suffice it to say that testimony given by a client at a hearing, whereby the client defendant by motion seeks the return of property taken from him by an alleged illegal search and seizure, is given for the purpose of such motion, alone, and does not constitute a general waiver of privilege by the client defendant, and it is equally clear that such evidence is not usable against the defendant even in the criminal case in chief in connection with which a return of property or suppression of evidence is sought.

The Court has no quarrel with most of the authorities cited by plaintiff's Memorandum, but finds that they do not apply under the facts presented herein and the particular phraseology of the questions asked of Mr. Ahrens. In this connection, Koerner v. Baird, 279 F.2d 623, 9 Cir. (1960) quite exhaustively sets forth the basic principles surrounding the attorney-client privilege in this circuit. In that case, which arose in

California, Judge Barnes gives careful scrutiny to the law of California for the reason that federal courts are required to follow the State law in such matters, because the very relationship of client and attorney is created and controlled by the laws of the various states. The Court is of the opinion that the law of Hawaii as to the attorney-client privilege is sufficiently similar to the law of California to render Koerner v. Baird (supra) applicable to this case.

It is therefore ordered that the Motion to Compel Party to Answer Oral Interrogatory on Deposition be and the same is hereby denied.